United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 19, 2006**

Charles R. Fulbruge III
Clerk

**REVISED JANUARY 24, 2006**
**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-50114
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

ALONZO SUAREZ-OLAYO,

Defendant-
Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CR-76
-----------------------------------------------------------------

Before BARKSDALE, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alonzo Suarez-Olayo ("Suarez") pleaded guilty to possession with intent to distribute at least

500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). Suarez was

sentenced to 60 months of imprisonment and a five-year term of supervised release. Suarez timely

appealed his conviction, challenging only the district court's denial of his suppression motion.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Suarez argues that Agent Tucker Cowles of the Drug Enforcement Agency did not have articulable reasonable suspicion to stop the vehicle Suarez was driving. Agent Cowles received a non-specific tip that there was drug activity at a certain motel in the Austin, Texas, area. Agent Cowles went to the motel and observed Suarez enter the motel parking lot. The motel's room doors opened directly onto the parking lot, a feature that, in Agent Cowles's experience, drug dealers find advantageous. Suarez made a cellular telephone call while in the parking lot, he left the parking lot, and he returned with two companions. Suarez and the two other men parked and entered one of the motel rooms. Suarez was empty-handed upon entering the hotel room. Several minutes later, Suarez exited the motel room carrying a plastic grocery bag that he concealed behind the seat of his truck. Suarez then left the parking lot. In addition to these facts, Agent Cowles stated that a check of the license plate on Suarez's vehicle returned no response from the state's computer database.

"Reasonable suspicion must be supported by particular and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant an intrusion." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000) (internal quotation marks and citations omitted). The facts stated by Agent Cowles, and credited by the district court, are specific and were articulated in clear terms. Viewing the evidence in the light most favorable to the Government, the district court did not err in concluding that all of the specific facts considered together supported the stop. *See id.; United States v. Foy*, 28 F.3d 464, 474 (5th Cir. 1994).

AFFIRMED.